**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| HUGO EDGARDO TORRES AQUINO, | No. ED CV 26-4314-E |
| Petitioner, | |
| v. | ORDER FOR ENTRY OF JUDGMENT |
| WARDEN, ETC., ET AL., | |
| Respondents. | |

**PROCEEDINGS**

Petitioner, a detainee of Immigration and Customs Enforcement ("ICE"), filed a "Petition for Writ of Habeas Corpus" ("the Petition") on July 31, 2026.  Respondents filed an Answer on August 7, 2026.  Petitioner filed a Reply on August 10, 2026.

**FACTUAL BACKGROUND**

Petitioner, a native of Honduras, was ordered removed from the United States in 1997. Thereafter, Petitioner remained at liberty for almost three decades, receiving employment authorization documents from the Government and developing assertedly strong family ties in this country.

In December of 2025, ICE detained Petitioner.  Petitioner then sought habeas relief from the United States District Court for the Eastern District of California ("Eastern District").  On April 27, 2026, the Eastern District ordered Petitioner released.  ICE released Petitioner in accordance with the order and, on May 28, 2026, Petitioner was put on an order of supervision.  Petitioner has complied with all of the conditions of this supervision.

Even so, at a June 30, 2026 scheduled check-in, ICE abruptly revoked the order of supervision and re-detained Petitioner without prior notice or a hearing.  On July 20, 2026, Petitioner filed with the immigration court a motion to reopen his removal proceedings.  At present, Petitioner remains subject to the 1997 order of removal.

**DISCUSSION**

In the present Petition, Petitioner asserts that "Respondents re-detained him in direct contravention of a Release Order entered by the United States District Court for the Eastern District of California. . . ."  (Petition, p. 2).  This assertion lacks merit.  On July 14, 2026, the Eastern District specifically found that Petitioner's re-detention did not violate that Court's prior order.

Contrary to Respondents' arguments, however, the Eastern District's July 14, 2026 ruling does not "moot" the present Petition.  The present Petition challenges the legality of Petitioner's re-detention on due process grounds unadjudicated by the Eastern District's July 14, 2026 order.  Indeed, after stating that the June 30, 2026 re-detention did not "run afoul of the Court's order and judgment," the Eastern District added:

> This is not to say that Petitioner's present detention is necessarily lawful.  It may be that Petitioner is entitled to habeas relief on some other basis.  But that is not the issue presently before the Court in this action.  The Court is concerned with

2

what seems to be the Government's manipulation of procedural processes to create a justification to detain Petitioner based on a nearly 30-year-old removal order.

In the present case, Respondents appear to suggest that "changed circumstances" justified the June 30, 2026 re-detention.  However, Respondents have failed to demonstrate that any material circumstances changed between the implementation of the May 28, 2026 order of supervision and the June 30, 2026 re-detention.  During that time, Petitioner complied with all of the conditions of his supervision and Petitioner remained subject to an order of removal (to which he was subject both before and after the rulings of the Eastern District).  At issue here is whether, in the absence of any materially changed circumstances, the June 30, 2026 re-detention without prior notice and without a hearing violated Petitioner's due process rights and, if so, what remedy is appropriate.

Due process, which extends to noncitizens present in the United States, prohibits deprivations of life, liberty and property without due process of law.  See U.S. Const. Amend. V; Trump v. J.G.G., 604 U.S. 670, 673 (2025); Zadvydas v. Davis, 533 U.S. 678, 693-94 (2001).  Due process requires that a person be afforded notice and an opportunity to be heard "at a meaningful time and in a meaningful manner."  Mathews v. Eldridge, 424 U.S. 319, 333 (1976) ("Mathews").

An alien previously detained by immigration authorities but released on conditions has a constitutionally protected liberty interest that can be violated by re-detention.  See, e.g., Tenemasa-Lema v. Hyde, 2025 WL 3280555, at *8-11 (D. Mass. Nov. 25, 2025); Im v. Semaia, 2025 WL 4474995, at *3-8 (C.D. Cal. Oct. 30, 2025); Rodriguez Cabrera v. Mattos, 808 F. Supp. 3d 1159, 1178-82 (D. Nev. 2025); accord Pinchi v. Noem, 813 F. Supp. 3d 973, 1035-36 (N.D. Cal. 2025); Fernandez Lopez v. Wofford, 2025 WL 2959319, at *4-5 (E.D. Cal. Oct. 17, 2025); Noori v. Larose, 2025 WL 2800149, at *4, 9-10 (S.D. Cal. Oct. 1, 2025).

3

In the present case, a Mathews analysis concludes that Petitioner's re-detention violated his due process rights. As reflected in the above-cited case law evaluating legally indistinguishable circumstances, all three of the Mathews factors strongly militate toward this conclusion.

Section 1231(a) of Title 8 U.S.C. does not justify Petitioner's re-detention.  This section authorizes the detention of certain aliens beyond the 90-day period immediately following a final order of removal.  The statute does not address the re-detention of an alien whose 90-day removal period expired long ago,[1] and who was previously released on supervision.  In any event, a re-detention under section 1231 would not account for Petitioner's due process rights.

The Court has considered the possibility of ordering the remedy of a bond hearing before an immigration judge.  The Court has concluded, however, that a belated bond hearing would not adequately remedy the due process violation that occurred.  See, e.g., Mumaev v. Semaia, 2026 WL 530765, at *6 (C.D. Cal. Feb. 20, 2026); accord Ghulyan v. Semaia, 2026 WL 788213 (C.D. Cal. March 20, 2026); E.A.T.-B. v. Wamsley, 795 F. Supp. 3d 1316, 1324 (W.D. Wash. 2025); see also Moctezuma v. Henkey, 2026 WL 18809, at *5 (D. Idaho Jan. 2, 2026).

Ordinarily, the appropriate remedy for a re-detention in violation of an alien's due process rights would be "[t]o return to the status quo - the last uncontested status which preceded the pending controversy," i.e., to order the release of Petitioner on "the same conditions [under which] he was released previously."  Garcia v. Andrews, 2025 WL

---

[1]    The 90-day removal period did not somehow recommence so as to encompass June 30, 2026.  See 8 U.S.C. § 1231(a)(1)(B); 8 C.F.R. § 241.4(g)(1); Diaz v. Wofford, 2025 WL 2581575, at *4 (E.D. Cal. Sept. 5, 2025); Ulysse v. Dep't of Homeland Sec., 291 F. Supp. 2d. 1318, 1325-26 (N.D. Fla. 2003).

1927596, at *6 (E.D. Cal. July 14, 2025); see Rodriguez Cabrera v. Mattos, 808 F. Supp. 3d 1159, 1183 (D. Nev. 2025) (ordering re-release of ICE detainee on conditions previously imposed); accord, Asatryan v. Lyons, 2026 WL 1196005 (C.D. Cal. April 24, 2026); Dereck v. Noem, 2026 WL 807618, at *3-4 (E.D. Cal. March 24, 2026), adopted, 2026 WL 926254 (E.D. Cal. April 6, 2026); Elshawadfy v. Bowen, 2026 WL 1045643 (C.D. Cal. March 16, 2026).  In the present case, however, Petitioner's removal may be imminent notwithstanding Petitioner's recently filed motion to reopen.  Therefore, the Government may well have a particularly urgent and legitimate interest in assuring Petitioner's availability for such a removal.  Accordingly, the Court will permit the imposition of appropriate conditions for Petitioner's release more stringent than the conditions of his previous supervision.

## CONCLUSION

It is ordered that the Petition is granted in part and Judgment shall be entered requiring Respondents to release Petitioner (A# 074-822-864) immediately, subject to appropriate conditions.[2]

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: August 12, 2026

_____
CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE

---

[2]    Petitioner has failed to justify any different or additional form of habeas relief.

5